```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL       :
ELECTRICAL BENEFIT FUND
                               :

    v.                         :   Civil Action No. DKC 24-376

                               :
SIEGE ELECTRIC, INC.
                               :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action arising under the Employee Retirement Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA") is Plaintiffs' motion for default judgment.  (ECF No. 17).  The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, Plaintiffs' motion will be granted.

**I.   Background**

Plaintiffs are trustees of a multi-employer pension plan, the National Electrical Benefit Fund ("NEBF").  Plaintiffs authorized to file this action under 29 U.S.C. § 1132(a)(3) as they are fiduciaries to NEBF, an employee benefit plan within the meaning of § 3(2) of ERISA.  *See* 29 U.S.C. § 1002(2).  Defendant Siege Electric, Inc. ("Siege") is an employer engaged in an industry affecting commerce under ERISA.  *See* 29 U.S.C. §§ 1002(5).  NEBF was established and is maintained by an agreement between the

International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). Siege agreed to participate in the NEBF when it became a signatory to the labor agreement between the IBEW and NECA by signing a Letter of Assent with the San Diego Chapter, National Electrical Contractors of America on February 23, 2017. (ECF No. 17-5). The Letter of Assent binds Siege to the "inside labor agreements" between NECA and IBEW Local Unions 11 and 569 and the Restated Employees Benefit Agreement and Trust and obligates Siege to submit contributions to NEBF.

Plaintiffs filed a Complaint on February 7, 2024 (ECF No. 1) alleging that Siege breached the collective bargaining agreement by failing to contribute to NEBF three percent of the gross payroll paid to employees in the bargaining unit for November 2020 through March 2023 in the amount of 25,597.08, as well as seeking liquidated damages, interest, attorneys' fees, and costs. Plaintiffs filed an Amended Complaint on April 4, 2024, asserting, in part, that $27,335.79 was owed for delinquent contributions. (ECF No. 9).

Plaintiffs served the Summons, Original Complaint, and Amended Complaint on Siege on April 29, 2024. When Defendant failed to respond within the requisite time period, Plaintiffs moved for the entry of default. The clerk entered default against

2

Siege on August 1, 2024. (ECF Nos. 15, 16). Plaintiffs filed the subject motion for entry of default judgment on September 4, 2024. (ECF No. 17).

Plaintiffs seek default judgment in the amount of $38,688.14 which consists of delinquent contributions, liquidated damages, interest, attorneys' fees, and costs.

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002); *Lipenga v. Kambalame*, 219 F. Supp. 3d 517 (D.Md. 2016). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted

3

because of an essentially unresponsive party, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. The court first determines whether the unchallenged factual allegations constitute a legitimate cause of action, and, if liability is established, the court then makes an independent determination of damages. Fed. R. Civ. P. 55(a).

> While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g., Monge v. Portofino Ristorante,* 751 F.Supp.2d 789, 794–95 (D.Md.2010) (collecting cases); see also 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010).

*Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013).

### III. Analysis

Assuming the truth of the well-pleaded allegations of the Amended Complaint, as the court must upon entry of default, Plaintiffs have established a violation under ERISA. Section 502(a)(3) authorizes Plaintiffs to enforce the provisions of the trust agreements. See 29 U.S.C. § 1132(a)(3) (providing that a

4

civil action may be brought: "(A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any . . . terms of the plan"). According to the Amended Complaint, Siege is a signatory to the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund and is, therefore, obligated to comply with the terms of the Agreement. Based on these undisputed allegations, Plaintiffs have stated a sufficient claim for relief under ERISA.

    **A.   Unpaid Contributions**

Although the Amended Complaint contends that Plaintiffs are owed $27,335.79 in delinquent contributions, Plaintiffs' motion for default judgment seeks only $25,597.08 in unpaid contributions for November 2020 through March 2023. Both the Affidavit of Darrin E. Golden, Executive Secretary-Treasurer for Plaintiffs, and the delinquency report supporting the motion state that $25,597.08 is owed in delinquent contributions and that amount will be awarded.

    **B.   Liquidated Damages and Interest**

The Agreement between the parties obligates Defendant to pay twenty percent (20%) as liquidated damages and ten percent (10%) interest compounded monthly throughout the period of delinquency. (ECF No. 17-6 at 7). Plaintiffs have attached a delinquency report that calculates liquidated damages and interest at ten percent

(10%) compounded as provided for in the Agreement. Thus, liquidated damages of $5,119.42 and interest of $6,124.89 on late contributions are supported by the record and will be awarded.

### C.   Attorneys' Fees

Plaintiffs seek $1,080 in attorneys' fees. In support of this request, Plaintiffs submit a Declaration of Counsel in support of judgment and demand for attorneys' fees and a spreadsheet of the hours billed by Plaintiff's counsel. (ECF No. 17-1). The spreadsheet shows that Peter Tkach, a member of this bar since May 2023, charged $225 an hour for attorney time. The sum requested is reasonable and Plaintiffs will be awarded $1,080 for attorneys' fees.

### D.   Costs

Plaintiffs seek $766.75 in costs representing the $405 filing fee to commence this action and $361.75 for service of process on Defendant (ECF No. 17-1 at 3). Thus, costs in the amount of $766.75 will be awarded.

### IV.   Conclusion

For the foregoing reasons, Plaintiffs' motion for the entry of default judgment will be granted. A separate order will follow.

                                                                 /s/
DEBORAH K. CHASANOW
United States District Judge